Filed 10/12/23 (unmodified opn. attached)

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRANDON PARKS BURNS,<br><br>    Defendant and Appellant. | D080779<br><br>(Super. Ct. No. FSB800199)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

The court orders that this opinion filed on September 21, 2023, be modified as follows:

1.  At the end of the first full sentence on page 8, after "changed that legal viability," add as footnote 8 the following footnote:

> This critical circumstance distinguishes Burns's case from the recent decision in *People v. Lee* (Sept. 27, 2023, B323940) __ Cal.App.5th ___ [2023 Cal.App. Lexis 744], in which the court explained that the law in effect at the time of the defendant's conviction in 1994 "did not require the jury to find that [he] personally acted with malice." (*Id.* at p. *28.) Indeed, it was not until a Supreme Court decision 15 years later that the law was clarified. (See *People v. Concha* (2009) 47 Cal.4th 653, 666.) Thus, the defendant had no reasonable opportunity on direct appeal to raise any claim of error.

2. On page 8, the first sentence of the first full paragraph, beginning "The problem with the 'equally guilty'," modify as follows:

   a. Italicize the word "now";

   b. Insert the italicized word "then" between the words "was" and "required"; and

   c. Delete the words "under a theory of criminal liability that was unaffected by Senate Bill No. 1437 and Senate Bill No. 775" so that the sentence reads:

   > The problem with the "equally guilty" language in former version CALCRIM No. 400 was not that it permitted the jury to rely on a *now*-invalid theory of criminal liability, but that it may have misled the jury as to what was *then* required to convict Burns.

   There is no change in judgment.

   The petition for rehearing is denied.

DATO, Acting P. J.

Copies to:  All parties

Filed 9/21/23 (unmodified opinion)

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D080779 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. FSB800199) |
| BRANDON PARKS BURNS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Bernardino County, Ronald M. Christianson, Judge. Affirmed.

Law Offices of James Koester and James Jay Koester for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Michael Dodd Butera, Deputy Attorneys General, for Plaintiff and Respondent.

Consistent with common law tradition, California law creates varying levels of culpability for homicide, including first and second degree murder, voluntary manslaughter, and involuntary manslaughter. In *People v. McCoy* (2001) 25 Cal.4th 1111 (*McCoy*), the Supreme Court concluded that codefendants in the same homicide could have different levels of culpability for the death, depending on their different mental states. Subsequent cases have recognized that someone who aids and abets a homicide might have greater or lesser responsibility for that result than the perpetrator. (See *People v. Samaniego* (2009) 172 Cal.App.4th 1148, 1164 (*Samaniego*); *People v. Nero* (2010) 181 Cal.App.4th 504, 518 (*Nero*).) In doing so, these later cases criticized language in a standard jury instruction on aiding and abetting liability, former CALCRIM No. 400, that told jurors "[a] person is *equally* guilty of the crime, whether he or she committed the crime personally or aided and abetted the perpetrator who committed it."[1] (Italics added.) These opinions warned that the "equally guilty" language of the instruction might mislead jurors in some circumstances by suggesting that once they decide the direct perpetrator is guilty of a particular crime (e.g., first degree murder), the aider and abettor is necessarily guilty of the same crime, regardless of his or her mental state. (*Samaniego,* at p. 1165; *Nero,* at pp. 517–518.)

In August 2010, after the decisions in both *Samaniego* and *Nero*, defendant Brandon Parks Burns was convicted on one count of first degree murder arising out of his participation with a codefendant in a gang-related shooting. The jury in Burns's case was instructed using the now-disapproved

---

[1] The instruction has since been modified to read, "A person is guilty of a crime whether he or she committed it personally or aided and abetted the perpetrator."

version of CALCRIM No. 400, but his counsel did not argue that he was guilty of a lesser crime than the codefendant. Neither did he assert instructional error on appeal.

In 2022, however, Burns filed a petition for resentencing under Penal Code section 1172.6[2] (former section 1170.95), claiming he "could not presently be convicted of murder . . . because of changes made to [sections] 188 and 189, effective January l, 2019." He argued that based on the error in former CALCRIM No. 400, the jury might have convicted him based on some "other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a)(1).) This possibility, he maintained, required that he be granted an evidentiary hearing. (*Id.*, subd. (d).) The superior court disagreed and summarily denied his petition.

Even accepting Burns's legal argument regarding the flaw in the earlier version of CALCRIM No. 400, the alleged error he identifies has nothing to do with the 2018 and 2021 legislative changes that gave rise to section 1172.6's petition process. Section 1172.6 does not create a right to a second appeal, and Burns cannot use it to resurrect a claim that should have been raised in his 2013 direct appeal. Accordingly, we affirm the trial court's decision finding that Burns failed to establish a prima facie case for relief under section 1172.6.

FACTUAL AND PROCEDURAL BACKGROUND

Burns and his codefendant Todd Tibbs were jointly tried for first degree murder and attempted premeditated murder of two victims of two gang-related shootings that took place within three weeks of each other. Initially, both defendants were charged with the murder, but only Tibbs was charged

---

[2]    All undesignated statutory references are to the Penal Code.

with the attempted murder.[3] A first trial ended in a hung jury on the murder charges against both defendants, while Tibbs was found guilty of the attempted premeditated murder. Before the retrial on the murder charges, the prosecutor additionally charged Burns with the attempted premeditated murder. Burns eventually pleaded guilty to that charge, and both defendants proceeded to trial on the murder charge.

In the middle of the second trial, Tibbs accepted an offer from the prosecutor, agreeing to plead guilty to voluntary manslaughter as a lesser included offense of murder. The jury ultimately convicted Burns of first degree murder, finding true additional gang and firearm allegations. (§§ 186.22, subd. (b), 12022.53, subd. (b).) We affirmed the judgment on direct appeal. (*People v. Parks-Burns* (Jan. 11, 2013, No. D059348) [nonpub. opn.].)

In 2022, Burns filed a resentencing petition under section 1172.6, seeking to vacate his murder conviction. The trial court denied the request without a hearing, finding that he failed to establish a prima facie case for relief.[4]

---

[3] Both parties' briefs make reference to the factual summary in our opinion deciding Burns's 2013 direct appeal (*People v. Parks-Burns* (Jan. 11, 2013, No. D059348) [nonpub. opn.]) as an accurate reflection of material in the trial court record. On our own motion, we take judicial notice of and directly consider the record in that prior appeal, which is appropriate to review in deciding whether a defendant has filed a facially sufficient petition. (*People v. Lewis* (2021) 11 Cal.5th 952, 970 (*Lewis*).)

[4] The court noted that *McCoy, Samaniego,* and *Nero* were all decided before Burns filed his opening brief on direct appeal. In denying Burns's petition for relief, the court indicated that had it believed section 1172.6 applied to direct aiders and abettors of murder through the "other theory" language in subdivision (a) of section 1172.6, it would have denied the petition on the ground that the issue identified as the basis for relief should

DISCUSSION

When reviewing the denial of a petition for relief under section 1172.6, "[w]e independently review a trial court's determination on whether a petitioner has made a prima facie showing." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52 (*Harden*).) Relying on the since-discarded "equally guilty" language in the former version of the CALCRIM No. 400 jury instruction that was provided to his jury, Burns argues he may have been convicted of murder based on an "[imputation] of the direct murder perpetrator's malice mens rea to an aider and abettor defendant without necessarily determining that individual's personally held malice aforethought." He cites to language in section 1172.6 as amended by Senate Bill No. 775 in 2021, which extended the availability of statutory relief beyond convictions based on the felony murder rule and the natural and probable consequences doctrine (neither of which concededly were at issue in Burns's case) to any "other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a)(1).)

Burns contends that the misleading former version of CALCRIM No. 400 created, in effect, an "other theory" of imputed malice within the meaning of section 1172.6. But in focusing exclusively on subdivision (a)(1), Burns ignores the fact that he was entitled to an evidentiary hearing only if he made a prima facie showing of all *three* conditions listed in subdivision (a)

---

have been raised on direct appeal from the conviction but had not been so raised. Instead, it disagreed with Burns's proffered interpretation of the "other theory" language of section 1172.6, subdivision (a)(1), concluding that a direct aider and abettor to murder is not entitled to relief under section 1172.6 as a matter of law. It reasoned that language extending relief to persons convicted under any " 'other theory under which malice is imputed to a person based solely on that person's participation in a crime' " refers to a crime *other than* murder.

5

of the statute. The third of those conditions requires that Burns "could not presently be convicted of murder or attempted murder *because of changes to Section 188 or 189 made effective January 1, 2019.*"[5] (§ 1172.6, subd. (a)(3), italics added.)

As numerous courts have recognized, the petition process created by former section 1170.95 (now § 1172.6) was designed to permit the resentencing of defendants who were properly convicted under the law that applied at the time, but "could no longer be convicted of murder" because of recent legislative changes. (*People v. Vargas* (2022) 84 Cal.App.5th 943, 950; accord *Lewis, supra,* 11 Cal.5th at p. 959 ["section [1172.6] provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief"]; *Harden, supra,* 81 Cal.App.5th at p. 47 ["section [1172.6] provides an avenue for those convicted before these statutory changes became effective to receive the benefits of the new legislation"]; see also *People v. Flores* (2020) 54 Cal.App.5th 266, 272; *People v. Farfan* (2021) 71 Cal.App.5th 942, 952; *People v. Estrada* (2022) 77 Cal.App.5th 941, 945.) A petition thus supplements a defendant's traditional direct appeal by providing an opportunity to make arguments that did not exist at the time of the appeal, but have arisen since 2019 as a result of recent statutory amendments. The problem Burns raises in his petition, however, has nothing to do with the legislative changes to California's murder law effected by Senate Bill No. 1437 (2017–2018 Reg. Sess.) and Senate Bill No. 775 (2021–2022 Reg. Sess.). Accordingly, he did not satisfy the section 1172.6, subdivision (a)(3) condition as part of his required prima facie showing. (See *People v. Antonelli* (2023) 93 Cal.App.5th 712, 721.)

---

[5] In *Lewis*, *supra*, 11 Cal.5th 952, 972, footnote 6, the Supreme Court noted that it was not required in that case "to resolve what is substantively required under [section 1172.6,] subdivision (a)(3)."

6

Indeed, all the case law on which Burns relies was decided well before the jury verdict in his trial. (*Samaniego, supra,* 172 Cal.App.4th at p. 1164; *Nero, supra,* 181 Cal.App.4th at p. 518.) His remedy for any alleged instructional error that affected the verdict was his appeal from the judgment of conviction.[6] His failure to raise the argument on direct appeal forfeited that claim (cf. *In re Dixon* (1953) 41 Cal.2d 756, 759), and the subsequent petition process created by the Legislature when it enacted Senate Bill No. 1437 did nothing to change the applicable law so as to resurrect an argument he had already abandoned.[7]

Burns views the legal landscape differently. Relying by analogy on the Supreme Court's analysis in *People v. Strong* (2022) 13 Cal.5th 698, he contends we must "consider the elemental changes to the murder statutes occasioned by [Senate Bill No.] 1437 and [Senate Bill No.] 775 and how those subsequent changes affect the determination of the possible prejudice now stemming from the equally guilty language utilized in then CALCRIM No. 400." But the flaw in Burns's argument lies in its premise that at the

---

[6] Even had he made such an argument on appeal, there were no questions from the jury (*Nero, supra,* 181 Cal.App.4th at p. 518) or other "exceptional" circumstances (*Samaniego, supra,* 172 Cal.App.4th at p. 1165) to suggest a prejudicial error that would have required reversal.

[7] Although acknowledging that "cases are not authority for issues not addressed," Burns nonetheless points to *People v. Langi* (2022) 73 Cal.App.5th 972 and *People v. Maldonado* (2023) 87 Cal.App.5th 1257 as examples of decisions in which appellate courts reversed a trial court's denial of a section 1172.6 petition at the prima facie stage and did not find forfeiture. In both cases, however, the defendant's trial and direct appeal took place *before* there was any suggestion in the case law that there was a problem with the applicable jury instructions. Nor is there any indication the opinions considered the effect of the language in subdivision (a)(3) of section 1172.6 requiring that defendants show they can no longer be convicted "because of" the recent legislative changes.

7

time of his trial, the idea that a "direct perpetrator's culpability could be imputed to an aider and abettor" represented a "legally viable theory of aider and abettor murder liability," and that the amendment to the law occasioned by Senate Bill No. 1437 "changed that legal viability." Because the premise fails, so too does the conclusion. The Supreme Court's *McCoy* decision, as explained and developed in *Samaniego* and *Nero,* made clear that the direct perpetrator's mental state could *not* be imputed to an aider and abettor, whose mental state had to be independently evaluated. (*McCoy, supra,* 25 Cal.4th at p. 1121; *Samaniego, supra,* 172 Cal.App.4th at pp. 1164–1165; *Nero, supra,* 181 Cal.App.4th at pp. 517–518.)

The problem with the "equally guilty" language in former version CALCRIM No. 400 was not that it permitted the jury to rely on a now-invalid theory of criminal liability, but that it may have misled the jury as to what was required to convict Burns under a theory of criminal liability that was unaffected by Senate Bill No. 1437 and Senate Bill No. 775. Use of the "equally guilty" language in the instruction provided at Burns's trial created a potential issue of instructional error, but it did not operate to offer the jury a theory of legal liability that can no longer support a conviction for murder as a result of the recent statutory changes. If Burns believed that the trial court in his case prejudicially erred by instructing the jury using the then-current version of CALCRIM No. 400, he had every basis and opportunity to raise that issue on his direct appeal. Because recent enactments "did not change accomplice liability for murder under direct aiding and abetting principles" (*People v. Jenkins* (2021) 70 Cal.App.5th 924, 931; see *People v. Gentile* (2020) 10 Cal.5th 830, 848), Burns is not entitled to relief.

8

## DISPOSITION

The order denying the petition for resentencing is affirmed.

DATO, Acting P. J.

WE CONCUR:

DO, J.

KELETY, J.